## DES MOINES, DECEMBER TERM, A. D. 1862.

IN THE SEVENTEENTH YEAR OF THE STATE.

14   1
111  421

---

PRESENT:

HON. CALEB BALDWIN, CHIEF JUSTICE.
" GEORGE G. WRIGHT, } JUDGES.
" RALPH P. LOWE, }

---

## COWLES v. GRAY.

1. DEDICATION TO THE PUBLIC USE. When a town is laid out with a street running parallel with a navigable river, and a narrow strip of land between such street and the river is not embraced in the plat thereof, it will not be presumed that it was dedicated to the public use as a front or water street for such town.

2. SAME: EVIDENCE. The sufficiency of evidence to show a dedication to the public use considered and determined.

VOL. XIV.—1

*Appeal from Alamakee District Court.*

TUESDAY, OCTOBER 14.

ON the third day of February, 1852, John Haney purchased of the school fund commissioners of Alamakee county, the land upon which the town of Lansing, in said county, is situated, the legal title of which was conveyed to the said Haney, by the Governor of the State, on the 22d of March following.

Prior to this, on the 30th day of December, 1851, the said Haney, and one H. H. Haughton, laid off and had platted, acknowledged, and subsequently recorded, what they were pleased to designate section No. 1 of the town of Lansing, consisting of twelve blocks, of six lots each. This tier of blocks and lots was bounded on the east by a street fifty feet wide, marked on the map as Front street. Between this street and the Mississippi River, is a strip of ground some sixty or seventy feet wide, not represented on said town plat, nor marked in any way as constituting a part of the town plat, or dedicated to the public.

On the third day of May, 1852, for a valuable consideration, plaintiff purchased of said John Haney lot one in block two as designated on said map, and improved the same. On the nineteenth of February following this, the defendant purchased of said Haney a lot of ground on the strip of land aforesaid, lying between Front street and the river, and being immediately opposite to, and between plaintiff's lot and the river. This piece of ground was improved and occupied by defendant, as a business lot. In March, 1856, the said Haney and Haughton laid off, procured to be platted, and duly recorded, section No. 2 of the town of Lansing, which plat was contiguous to, and included, section No. 1. Neither of these plats, as surveyed, delineated and recorded, *dedicated* to the public any ground between Front street and the river; but contemporaneously with the

recording of the last plat aforesaid, to wit, on the thirteenth day of March, 1856, the said Haney and Haughton granted by deed certain portions of the land situated between the town plat and the river, for the purposes of a levee and a landing place, to wit, the extension of Main street eighty feet wide to the river, also the extension to the river of Dodge street, sixty feet wide, and of Centre street, one hundred feet wide, and of William, Hale, Ballou, Henry, and Gray streets, with the width of one lot added to each, making ninety feet each, running from Front street to the river, opposite the mouth of each of said streets. In August, 1859, the plaintiff commenced this proceeding, to recover damages of the defendant for having erected a warehouse, in 1856, on a lot of ground which he had previously purchased of the said Haney, situated between Front street and the river, and to abate the same as a nuisance, for the alleged reason that the said warehouse occupied ground dedicated for an easement, or for a public levee or landing place. A trial of the cause resulted in favor of the plaintiff, and the defendant appealed.

*J. O. Crosby* and *W. T. Barker* for the appellant,

Contended that there had been no sufficient dedication of the premises in controversy to the public use, citing *New Orleans* v. *The United States*, 10 Pet., 662; *Cincinnati* v. *White's Lessees*, 6 Ill., 431; *Barclay* v. *Howell's Lessee*, 6 Id., 498; *Godfrey* v. *The City of Alton*, 12 Id., 29; *Warren* v. *The President, &c., of Jacksonville*, 15 Id., 241; *City of Louisville* v. *The Bank of the United States et al.*, 3 B. Monr., 138; *Trustees of Maysville* v. *Boon*, 2 J. J. Marsh., 224; *McLaughlin et al.* v. *Stevens*, 18 Ohio, 94; *Haight* v. *The City of Keokuk*, 4 Iowa, 199.

*W. G. Woodward* for the appellee, in the discussion of the same question, cited the following additional authori-

ties: *Livingston* v. *The Mayor of New York*, 8 Wend., 85; *In re Furman Street*, 17 Id., 649; *Rowan's Executors* v. *The Town of Portland et al.*, 8 B. Monr., 232; *Kennedy's Heirs* v. *The Trustees of Covington*, 8 Dana, 61; *Trustees of Augusta* v. *Perkins*, 3 B. Monr., 437; *Town of Bowling Green* v. *Hobson*, Id., 478; *The Trustees of the Village of Watertown and White* v. *Cowen and Bagg*, 4 Paige Ch., 510.

Lowe, J.—The judgment below should be reversed. One or two errors clearly and unmistakably mark the proceeding under which it was rendered.

At the request of the plaintiff, the court, in substance, charged the jury, that if a town is laid off on a tract of land bordering on the Mississippi river, and the surveyed plat or map thereof does not show any land between said town plat and the river, still, should there be such a strip, it is in law dedicated to the public, for the purpose of a water street to a town on the river.

Again, in the case supposed, if there is in fact a strip of land not exceeding from thirty to fifty feet wide between Front street of said town and the river, and nothing appears on the map to show that said land was reserved for private purposes, the same is dedicated to the public for the purposes of a front, or water street, &c.

Such is not the law of dedication in this state. A proprietor is not divested of the title or the use of his land by any presumption of that kind. If he lays off a town upon his land, and has the same duly surveyed, platted, acknowledged and recorded, the title to such portions of the land pass to the public as shall therein be set apart for public use, or for charitable, religious or educational purposes, and no other. § 637, Code, 1851.

If this is true in regard to land lying within the surveyed lines of the town plat, *a fortiori* should it be with respect to land lying entirely outside of those lines. The lot of ground

upon which the defendant erected his warehouse is wholly without the town plat, so far as the map itself shows, and if there is no other evidence of a dedication of the same to the public, than what is furnished by the recorded plat of the town, we are quite safe in concluding that the plaintiff purchasing Lot 1, in block No. 2, of said town, acquired no interest in said ground which the law can respect or protect; nor are we willing to admit the idea intended to be shadowed forth in said constructions, that the mere circumstance of the Mississippi river flowing hard by said town, can have the effect to raise in law the presumption that any ground which may be found situated between it and said town plat, shall be deemed to be dedicated to the public, as a wharf or landing place for said town, whether the same is so designated on the plat or not. It was clearly competent for the proprietors, in laying off a town on the river to withhold from public use whatever ground, and wherever situate, that they may choose, and as a matter of law and fact it is withheld, unless affirmatively it appears to be set apart for the public use.

Again, the defendant insists that the court erred in overruling his motion for a new trial, not only for the reason that the above instructions were improperly given to the jury, but because the verdict of the jury was contrary to the evidence.

The plaintiff's right to maintain this action depends alone upon the fact whether the ground occupied and improved by the defendant had been dedicated by Haney and Haughton to the public, at or before the date of the grant from them to the defendant. This grant was made on the nineteenth of February, 1853, a little over one year after the laying off of said town. We have already seen that the recorded plat furnishes no evidence whatever of any such dedication. Nor is it contended that a dedication is shown from immemorial usage. The brief space of time between

the laying off of the town, and the sale to the defendant, negatives at once the latter supposition.

But it is insisted that the ground in question was dedicated for a wharf or landing place, for said town, by acts on the part of Haney and Haughton, independent of, and distinct from, the recorded plat of the town. This claim of the plaintiff can have no reference to the deed made by Haney and Haughton on the thirteenth day of March 1856, granting to the public certain portions of the land situated between the town plat and the river, for the purpose of a levee, more particularly described in the above statement of facts, because this dedication by deed occurred long after the defendant purchased, and moreover it did not include his lot of ground. But this action is founded upon a supposed verbal dedication made long before this, and, under the circumstances of this case, must be shown to have been made within the first fourteen months after the laying off of the town, for the reason that the defendant made his purchase of the *locus in quo* within that time. In addition to this, the plaintiff, in order to recover, must show not only the act of dedication within the prescribed limit of time, but the acceptance of it on the part of the public.

The evidence introduced was directed to this last method of making a dedication, and, by the written admission of the parties, it is all before us. We are constrained to state that, in our judgment, it falls very far short of establishing the plaintiff's case, or justifying the verdict of the jury. In regard to the acceptance on the part of the public, there was no evidence whatever, not even tending to prove such acceptance, except that part which was dedicated by deed, in March, 1856, and which did not include defendant's premises. But, on the other hand, the evidence shows that the same had been regularly assessed in behalf of the public, and the tax as regularly paid by the proprietors, acts inconsistent with the idea of its being a public easement. Besides,

this ground was pretty constantly used for piling wood for steamboats, license for which was obtained, not from the town, but from the town proprietors, Haney and Haughton.

Then, again, in regard to the evidence establishing the act of dedication itself. This consists in certain loose declarations of John Haney, senior, one of the proprietors of the town, alleged to have been made, in great part, in the summer and fall of 1851, before the date of laying off of the town, and several months before the said Haney had obtained the fee of the land from the State, which was not acquired before the 22d day of March, 1852. The rule that a dedication can only be made by one having the title, is everywhere understood and acknowledged.

These declarations, if he made them at all, had reference to the future; that is, what he would do when he himself should obtain the title and lay off the town.

It is true one or two other witnesses testify to a similar conversation in the spring of 1852, but their testimony, besides being vague and uncertain, is broadly contradicted by Haney himself, who denied not only the making of such declarations, but that he ever had or intended to dedicate the *locus in quo* as a public easement; and what is of more consequence to our minds, all his cotemporaneous acts tend very strongly to confirm his statements. The recorded plats, the deed conveying to the use of the public a portion of the ground between the town and the river for landing places, the selling to Mobley and Grant, in the year 1852, a lot of the same ground, upon which they erected a warehouse the same year, the selling to the defendant in this cause a lot early in the second year, and from time to time to various other persons upon which some five warehouses and one factory have been built, *nemine contradicente* all disprove the idea of a dedication. In short, we are of the opinion that the preponderance of the evidence was so

clearly and obviously with the defendant, that the motion for a new trial should have been. sustained. The issue between the parties presents a mixed question of law and fact, to be found by the jury under the direction of the court, upon consideration of all the circumstances ; and we cannot therefore render a final judgment in this court as requested by counsel for the appellant. The judgment, however, will be reversed, and the case remanded.

Reversed.