Nesselrode v. Parish.

NESSELRODE V. PARISH ET AL.

1. **Practice:** PROCEEDINGS TO ESTABLISH LOST CORNER: JURISDICTION:
In a proceeding to establish a lost corner of land, a mere statement in
the petition that other persons, therein named as defendants, be-
sides the one who alone appeared and answered, are interested in the
cause, is not sufficient evidence to establish that fact, and, in the ab-
sence of such sufficient evidence, the court had jurisdiction to appoint a
commissioner to establish the corner as between the plaintiff and the
one defendant who appeared, and his report will not be set aside be-
cause such alleged interested persons were not before the court, no no-
tice having been served on them.

2. **Real Estate:** TRUE CORNER: The true corner of a government sub-
division of land is where the United States surveyors in fact established
it, whether such location is right or wrong, as shown by a subsequent
survey.

*Appeal from Guthrie District Court.*

FRIDAY, OCTOBER 20.

THIS is a proceeding under the statute asking the appoint-
ment of a commissioner to establish a lost corner. The
plaintiff appeals.

*Chas. S. Fogg*, for appellant.

*C. Haden*, for appellee.

SEEVERS, CH. J.—I. The petition states the plaintiff is
the owner of the N. W. ¼ of Sec. 14, T. 79, R. 31, and that
the northwest corner of said land is in dispute
and lost or destroyed. Including the defendant
Parish thirty-five persons were made defend-
ants, and it was stated that they were the only land owners
that would be "affected by the proceedings sought herein."
Certain named defendants were stated to be non-residents,
and certain others minors.

The defendant Parish alone answered the petition, and
denied the corner was destroyed or lost. The court appointed

*(Margin note: 1. PRACTICE: proceedings to establish lost corner: jurisdiction.)*

C. R. Allen, Esq. a commissioner to make a survey, establish and locate said corner, and make a report of his doings. The commissioner established the corner as claimed by the defendant Parish, and so reported. The report was confirmed. Objections were made thereto by the plaintiff, among which was that the "court erred in appointing said commissioner." Under this objection it is insisted the court had no jurisdiction or power to appoint a commissioner, because the record fails to show any notice was served on the defendants other than Parish, and there was no appearance for any of them except him. It is said *Nesselrode v. Parrish*, 52 Iowa, 269, was between the same parties, and in relation to the same subject matter, as in the present case. In that case the defendant, Parish, appeared and resisted the appointment of a commissioner because the proper foundation had not been laid for service on Wright by publication. It was held that the mere statement in an unverified petition of the non-residence of Wright was not sufficient to establish such fact. When the cause was remanded another commissioner was appointed.

It is stated in the petition that certain persons named as defendants are the "only" persons that would be affected by the proceedings. There is no evidence other than this statement in the petition tending to show the interest of said persons, or that they were necessary parties. We do not think the statement aforesaid is sufficient evidence of the alleged fact. The case comes within the reason of the rule established in the case just cited. The court, it must be conceded in the state of the record, had jurisdiction, and the power to appoint a commissioner as between the plaintiff and defendant Parrish, unless it appeared there were other persons who were necessary parties.

II. It is assigned as error that the court erred in not setting aside the report of the commissioner. Such an assign-2. REAL ESTATE: true corner. ment is not sufficiently specific. But as no such objection is made, we will consider briefly whether the evidence is sufficient to sustain the report of the commis-

sioner. The rule is regarded as well established that the true corner is where the United States surveyors in fact established it, whether such location is right or wrong as may be shown by a subsequent survey. The preponderance of the evidence, we think, was in favor of the disputed corner having been so established at the place claimed by the defendant. As the commissioner so found, we cannot disturb the finding. This disposition of the case makes it unnecessary to determine the motion filed by appellee.

AFFIRMED.