## BRADSTREET v. DUNHAM ET AL.

1. **Conveyance:** DESCRIPTION: STREET AS BOUNDARY: VARIANCE BETWEEN SURVEY AND PLAT. Plaintiff conveyed to defendant a tract of land, bounded on the north by "Buckeye street" in a certain town, —said street being the southern boundary of an addition which plaintiff had made to the town. The street, as actually surveyed and marked by visible monuments, was 60 feet north of the street as shown by the recorded plat of the addition. *Held* that the conveyance entitled defendants to hold possession of the land up to the street as actually surveyed, and, as between the grantor and grantee, it was immaterial whether or not, on account of failure to comply with the law, the plat operated as a statutory dedication of the street.

2. **Cities and Towns**: COMMON LAW DEDICATION OF STREET: WHAT IS NOT. There can be no common law dedication of a street to public use without the *animus dedicandi* on the part of the land owner, coupled with use by the public.

*Appeal from Jones District Court.*

SATURDAY, DECEMBER 6.

ACTION in chancery to quiet the title and recover possession of land. Upon a trial on the merits, a decree was entered dismissing plaintiff's petition, from which he appeals.

*Herrick & Doxsee* and *Sheean & McCarn*, for appellant.

*Monroe & White* and *E. Keeler*, for appellees.

BECK, J.—I. The undisputed facts of the case, and the questions in controversy between the parties, may be briefly and clearly stated without reciting the pleadings. The plaintiff conveyed to the defendants a tract of land, part of the northern boundary of which is described as the center line of Buckeye street, in the town of Monticello. This street was in the addition to the town made by plaintiff, and was the southern limit thereof at that locality. When the addition was surveyed, stones were set up at some of the corners of lots abutting upon the street, and stakes were planted at other corners. The surveyor, in platting the addition, through mistake made the plat to show a tier of lots south of the real survey, so that there were five more lots shown by the plat than were really surveyed, thus causing the south boundary of the addition, and the south boundary of Buckeye street, to appear in the plat to be 60 feet further south than they were, in fact, as surveyed. The plat was duly acknowledged by plaintiff, and was approved by the proper officers, and recorded. The contentions of the parties involve the boundary of the addition and of the street; plaintiff insisting that it is controlled by the plat, while defendants maintain that it

is to be determined by the survey. Defendants are in possession.of the land, and by this action plaintiff seeks to recover possession and quiet the title of the realty.

II.   Counsel on both sides unite in the position that the location of Buckeye street determines the rights of the parties, being made the northern boundary of the land in dispute. We are therefore required to decide whether the line of the street is determined by the survey, or by the recorded plat. The actual survey manifested the intention of the plaintiff in fixing the line of the street, which was indicated by the monuments fixed in the ground. The plat is but evidence of the expressed intention of the plaintiff,—the means of providing a record thereof; in other words, it is the record of the survey. But, through mistake, the record fails to present truly the actual survey. Now, as the survey established the line of the street, it must prevail against the plat, as between plaintiff and defendant, whose rights are alone brought in question. It is proper to remark, in this connection, that plaintiff still owns the lands laid off into lots immediately adjacent to the street, which has not been opened. Neither the rights of the public nor any claimant of the property, except the parties hereto, are involved in this case, nor can they be affected by it. The case simply presents questions involving an inaccurate, not to say a false, record between the parties primarily affected thereby. No question of a purchaser without notice of the mistake is presented by the facts. Plaintiff is bound by the survey, for it is the true expression of his intention. He cannot insist that defendants shall be bound by the plat, for it does not express the obligation—the contract—which plaintiff assumed in making the survey.

III.   Plaintiff insists that by reason of non-compliance with the law, which requires stakes in the corners of the lots, and for other reasons, the plat does not operate as a statutory dedication of the land. Let this position be admitted, and

*1. CONVEYANCE: description: street as boundary: variance between survey and plat.*

yet plaintiff is not aided by it. If there was no statutory dedication of the street, the law will still regard the description of the deed, and will seek to discover the boundary indicated thereby. It will seek to determine what line was meant by the grantor by the words "Buckeye street" used in the deed. This line was plainly indicated by the survey, and the stones placed in pursuance thereof. The law will declare the line disclosed by the monuments, and lawful evidence in aid thereof, to be the line of the street, even though there be no statutory dedication thereof.

IV. But plaintiff's counsel insist that there exists under the plat what they call "a common law dedication," which

2. CITIES and towns : common law dedication of street : what is not.

corresponds with the lines indicated by the plat. This position cannot be admitted. It is an undisputed fact that essential elements to constitute dedication of the street at common law, as indicated by the plat, are wanting. These are the *animus dedicandi* on the part of the plaintiff, and use by the public. The plaintiff never intended to dedicate the street as described in the plat, and the public have never used it as a highway. It has all the time been inclosed, and is now in defendant's possession. We are not required to cite authorities to show that, when there is no *animus dedicandi* by the land-owner, and no occupancy by the public, a highway does not exist as against the land-owner himself and those holding under him.

V. We need not determine whether evidence of the parties' declarations and statements prior to or at the time of the execution of the deed is competent to show the line of the land as it was understood by them. If evidence of this character introduced in this case be competent, it surely does not show that the line as indicated by the plat was contemplated by the parties. Nor is there evidence establishing an agreement between the parties that this line should be regarded as the true line of the street. The case is simply that of a conveyance of lands, bounded by a line indicated in

the deed, which may be discovered by existing monuments planted in pursuance of an actual survey. It is our opinion that the decree of the district court ought to be

AFFIRMED.