ROSELLA YOCUM, Appellee, v. HENRY HASKINS, Appellant, AND JOHN VORE *et al.*, Appellees.

1. **Boundaries:** PROCEEDINGS TO ESTABLISH: COMMISSIONER'S REPORT : APPEAL. A proceeding to establish a disputed corner and boundary line under Laws, 1874, chapter 8, is a special pro-ceeding wherein the commissioner's report has the force of the verdict of a jury, and is reviewable on appeal only on errors assigned.

2. ——— : ——— : EVIDENCE. Where, in such proceeding, the dispute is, as to which of two points is the established corner, and one point is where such corners are usually established, and is such as to give to each owner the quantity of land purchased, and the other is remote, and gives to some more and to others less than the quantity of land purchased, the former is to be regarded as the true corner, rather than the latter ; and, following this rule, *held*, that the commissioner's report in this case is supported by a preponderance of the evidence.

3. ——— : ——— : ——— : PRACTICE. Upon the filing of the commissioner's report herein with the district court, the plaintiff filed objections thereto and moved that judgment be rendered, fixing the corner at a point different from that found by the commissioner. This motion was sustained, and the court rendered judgment accordingly, dividing the costs equally between the parties joining in the contention. *Held*, that this action of the court, except as to costs, was erroneous ; that the commissioner's report should have been approved, modified or amended, and judgment rendered accordingly, or the same rejected, and the report re-referred to the commissioner for correction, or the commission set aside, and a new commissioner appointed.

*Appeal from Harrison District Court.*—HON. SCOTT M. LADD, Judge.

MONDAY, OCTOBER 27, 1890.

PROCEEDING under chapter 8, Laws, 1874, to establish a disputed corner and boundary line of lands, with notice to Henry Haskins and Vore and M. Coleman. Haskins and Vore appeared, and Haskins alone appeals. The dispute is as to the location of the quarter-section corner in the north line of section 14, township 78, range 43, Harrison county, as established by government survey. Plaintiff contends that it is at a point twenty rods west of the center of said section line, and appellant Haskins contends that it is substantially at the center. By agreement of parties, C. W. Bisbee, a practical and experienced surveyor, was appointed commissioner. His report shows that, after hearing all the testimony offered and arguments of counsel, he made a careful survey of said section, as shown in a plat, and field-notes accompanying his return, and finds, "as there shown, the true position of the quarter corner

between sections 11 and 14, township 78, range 43, Harrison county, Iowa, to be about the geographical center thereof, as claimed by defendant in this cause, and designated in my plat herewith, returned with the letter 'B,' at which point I placed an oak post," etc. The point contended for by plaintiff is indicated on the plat as " A." Plaintiff filed her motion "to re-establish the quarter corner * * * at point A, as designated on the plat of the commissioner." She also filed objections to the report, questioning the correctness of the finding. Defendant Haskins also filed a motion to affirm and adopt the report. The court overruled defendant's motion, and sustained the objection of plaintiff to the report, and her motion to re-establish the quarter corner, and entered an order re-establishing it at the point claimed by the plaintiff. The defendant Haskins appeals.

*L. R. Bolter & Sons*, for appellant.

*Joe H. Smith*, for appellees.

GIVEN, J.—I. Question is made as to how this proceeding is to be tried in this court. It is a special

1. BOUNDARIES: proceedings to establish: commissioner's report: appeal.

proceeding triable as an ordinary action, and reviewable upon errors assigned. *In re Harrington*, 54 Iowa, 53. Appellant contends that it was tried as an equity case in the district court, and is, therefore, triable *de novo* on this appeal. The record does not show that it was so tried. The proceedings were as contemplated in the statute. The proceeding is before us for review upon the errors assigned. The principal errors assigned may be stated thus: That the court erred in not approving the report of the commissioner, and in establishing the corner as it was ordered to be established. Appellee contends that the findings of the court stand as the verdict of a jury, and cites the rule that, where there is a conflict of evidence, the finding and judgment of the trial court will be adhered to on appeal. *Walrod v. Flanigan*, 75 Iowa, 366, and other cases.

Does the judgment of the court stand as the verdict of a jury in this special proceeding? A question of fact is to be determined, — the true location of a quarter corner. This is to be done, not by the court alone, nor by its commissioner, but by the combined action of both within the scope of their respective powers conferred by statute. The commissioner is to take the testimony of persons who may be able to identify any original government corner line, tree or other noted object, etc. He is to make a survey, and report his proceedings to the court accompanied by a plat and notes of his survey. By the testimony and survey the commissioner finds the corner, and reports the evidence and survey upon which he bases his finding. It is the finding of the commissioner, rather than the judgment of the court, that stands as the verdict of a jury. The court may approve, reject, modify or amend the report, or refer the same back for correction, in conformity with the judgment of the court, or, for good reasons, may set the commission aside and appoint a new one. These powers are not unlike those exercised by courts with respect to verdicts of juries. The reason for referring the issue of fact to one or more surveyors instead of to a court or jury is, that a determination of the question calls for the exercise of the learning and experienc᠎ peculiar to surveyors. Regarding the finding of the commissioner as the verdict of a jury, and, applying the rule contended for by appellee, it should not be disturbed, " unless there is such a want of testimony to support it, as will raise a presumption that it is not the result of an unprejudiced and honest exercise of discretion. *Vogel v. Wadsworth*, 48 Iowa, 28 ; *Knox v. Hanlon*, 48 Iowa, 252 ; *Smith v. Walker*, 49 Iowa, 289. The rule that applies in reviewing the action of the trial court in granting and refusing new trials does not apply. A new trial was neither granted nor refused, but a judgment was entered the reverse of that called for by the report. We are of the opinion that, in reviewing the proceeding upon the errors assigned, we are to say whether the report has

such support in the testimony, as that the rulings and judgment of the court were erroneous.

II. The field-notes of the government survey, made December, 1857, recite "that the east random line between sections 11 and 14 was run at a variation of ten degrees and fifty minutes, intersecting meridian section line fifty links north of center. West, corrected between sections 11 and 14; variations, ten degrees and twenty-eight minutes. At eleven chains and seventy links, stream runs northwest, three links wide ; solid banks and bottom ; forty chains and five links, set quarter-section post. Witnessed, burr-oak, fifteen inches in diameter ; south, twenty-nine degrees ; west, seventy-two links; burr-oak, sixteen inches in diameter; north, fifty-five degrees ; east, eighty links. At forty chains and ten links, linn, eight inches in diameter. At fifty-five chains, leaves timber ; bears northwest. At fifty-eight chains, stream, two links wide, runs northwest. At sixty-two chains, stream, three links wide, runs northwest; high, solid banks ; clay bottom. At eighty chains and ten links, set section corner. Settlement and field on northeast quarter of section fourteen, near center."

2. ——:——;  evidence.

Two burr-oaks bearing certain marks stand near the section line in substantially the position called for in the field-notes, twenty rods west of the center of said line. Appellee contends that these are the bearing trees called for in the field-notes, and should control in the location of the corner. A clump of linns formerly stood west of these oaks. There is decided conflict in the testimony as to the character of the marks, and the diameter of these trees, in 1851, as shown by their present diameter. Surveys having reference to this quarter corner were made in 1858, and 1859, by N. McKimmey, and in 1870 by George Madison. McKimmey found that the quarter post was placed twenty rods too far west by government surveyors, and at this point found burr-oak, fifteen inches in diameter ; south, twenty-nine degrees ; west, seventy-two links; burr-oak, sixteen inches in diameter ; north,

fifty degrees; east, eighty-six links. Madison first located the corner at the center, and afterwards at the same point as McKimmey. The commissioner's measurements from the point, claimed by appellee to be the corner, to the two burr-oak trees, claimed to be bearing trees, correspond substantially with that called for by the original field-notes. His measurements also correspond with the original survey as to streams, as near as such measurements usually agree. His report shows that, at the point B, designated by him as "the corner," he found two burr-oak stumps, which his measurements show suit the calls of the original field-notes, except a difference of twenty-five links in the distance to the southwest stump. A. C. Snyder made a survey in 1887, for the purpose of locating this disputed corner. His measurements and statements, as to the stump, correspond with those of the commissioner. There are a number of witnesses who testify to the presence and condition of those stumps, and to a ditch and fence in line with that claimed by appellant. There is also testimony as to when these burr-oaks were cut down.

This is not a proceeding to correct errors in the government survey, but to ascertain what that survey was. The true corner is where the United States surveyors established it. It is a well-established rule that when boundaries are fixed and known, and unquestioned monuments exist, and neither courses, distances nor computed contents correspond with the monuments, the monuments govern. *Pernam v. Wead*, 6 Mass. 131; *Nelson v. Hall*, 1 McLean (U. S.) 518. When the boundary is not fixed and known, but is in dispute, courses, distances and contents may be considered in fixing and knowing the true boundary. When, as in this case, the dispute is as to which of two points is the established corner, and one point is where such corners are usually established, and such as to give to each owner the quantity of land purchased, and the other is remote, and gives to some more and to others less than the quantity of land purchased, it will surely require less evidence to convince the mind that the

former is the true line than that the latter is. We have extracted but briefly from the testimony, but a careful examination of the whole leads us to the conclusion that the finding of the commissioner is supported by a decided preponderance of all the evidence.

III. The authority of the court was to approve or reject the report, to modify, amend or re-refer the same for correction, or to set aside the commission, and appoint a new one. If approved as reported or as amended or corrected, judgment upon it would follow. If rejected, another report must be made by that or another commission before judgment. The court did not approve the report as made, nor make or require amendment or correction thereof, but entered judgment as if it was the reverse of what it was. While courts may set verdicts aside, they may not, without further proceedings, enter judgment as if the verdict had been the reverse. Our conclusion is that the district court erred in sustaining appellee's objections to the commissioner's report, and in establishing the disputed corner as shown in the final judgment. One-half the costs was taxed to appellee, and one-half to appellant Haskins. These were the only parties joining in the contention, and were properly charged with the expenses and costs.

*3. ——: ——: ——: practice.*

It follows, from the foregoing discussion, that the judgment of the district court must be reversed. The case is remanded for further proceedings, in conformity with this opinion. REVERSED.