H. M. ROLLINS *et al.*, Appellees, v. JAMES DAVIDSON *et al.*, Appellants.

1. **Appeal**: PARTIES. Where one of several co-plaintiffs was upon his own motion discharged from an action in the district court, and the petition dismissed as to him, he cannot upon an appeal taken to the supreme court from the judgment of the court below, as between the remaining parties to the cause, be permitted to again become a party thereto upon filing a motion in the supreme court submitting himself to its jurisdiction, and asking that the judgment of the court below be affirmed.

2. **Boundaries**: CORNERS: UNITED STATES SURVEY: EVIDENCE: PRACTICE IN SUPREME COURT. Where in proceedings to establish the corners of a section of land, the evidence is conflicting, yet there is testimony tending to show the location of monuments such as to sustain the finding of the court below as to the true location of the corners in dispute, the judgment of the court will not be disturbed upon appeal.

3. ———: ———: ———: ———. In such a proceeding, testimony tending to show discrepancies between the known monuments and fieldnotes of surveys of other townships in the county made by the same government surveyor is irrelevant and immaterial.

4. ———: ———: ———: PARTIES. In proceedings to establish the corners of a section of land, all persons owning land within the section are entitled to be joined as parties plaintiff or defendant.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

THURSDAY, JANUARY 21, 1892.

PROCEEDINGS under sections 4508–4510 of the Code to establish the corners of section 17, township 97, range 36 W., fifth P. M., Iowa. Frank L. Easley and J. A. Smith were, with the consent of the parties, appointed commissioners, and, having made survey and taken testimony, made a joint report to the court,

to which each added a supplemental report. Judgment was entered confirming the joint report and the supplemental report of Frank L. Easley, and to establish the corners of said section as shown in a plat set forth in the order and judgment of the court. James Davidson and others of the defendants appeal.—*Affirmed.*

*Parker & Richardson* and *Hughes & Hastings,* for appellants.

*Bousquet & Earle, J. E. Steele,* and *Geo. E. Clark,* for appellees.

Given, J.—I. One, John Graham, owning by conveyance from the plaintiff, Henry Rollins, a certain part

1. Appeal: parties.

of said section 17, joined as the plaintiff in instituting this proceeding. Afterwards he filed his motion that he be discharged from the action, and to dismiss his petition so far as he was concerned, which motion was sustained, and an order entered dismissing said Graham from the proceeding as one of the complainants. He was not thereafter made a defendant, nor did he again join with the plaintiffs until after the appeal to this court, in which he has filed his motion, submitting to the jurisdiction of this court, and asking that the judgment of the district court be affirmed. There is nothing in the record to show that Mr. Graham was a party to the proceedings after his motion was sustained and he dismissed, and he cannot be permitted to become a party to it by the motion filed in this court. Without now determining whether under the facts Mr. Graham will be bound by the adjudication in this proceeding, we are of the opinion that the rights of other parties in interest may be adjudicated without his presence. *Nesselrode v. Parish,* 59 Iowa, 570; *Moore v. Held,* 73 Iowa, 538.

II. The true corners are where the United States surveyors in fact established them, whether such loca-

**2. BOUNDARIES: corners: United States survey: evidence: practice in supreme court.** tion is right or wrong, as shown by subsequent surveys. *Nesselrode v. Parish, supra.* "It is a well-established rule that when boundaries are fixed and known, and unquestioned monuments exist, and neither courses, distances, nor computed contents correspond with the monuments, the monuments govern." *Yocum v. Haskins*, 81 Iowa, 436, and cases cited. When monuments are not fixed and known, but are in dispute, courses, distances, and contents may be considered in determining where the monuments are in fact located. It is said in that case: "Where the dispute is as to which of two points is the established corner, and one point is where such corners usually are established, and such as to give to the owner the quantity of land purchased, and the other is remote, and gives to some more, and others less, than the quantity of land purchased, it will surely require less evidence to convince the mind that the former is the true line than that the latter is." The controlling question is as to where the government surveyors located the monuments marking these corners. To determine this, evidence is introduced tending to show the presence of monuments at points claimed to be the section corners, and other evidence of other monuments in the township from which to measure and ascertain the location of those in question. The case is before us for review upon assignment of errors, and we must give to the findings of the court the force and effect of the verdict of a jury. *Vittoe v. Richardson*, 58 Iowa, 575; *Mitchell v. Wilson*, 70 Iowa, 332; *Yocum v. Haskins, supra.* There is testimony tending to show the location of monuments such as to sustain the finding of the court as to the true location of the corners in dispute. While there is a conflict in the evidence, and much to sustain the claim of the appellants, yet we cannot say, upon the whole record, that the findings of the court are without support in the

evidence,—indeed, we think the preponderance of the evidence is with the plaintiffs; and under familiar rules of the law the judgment of the court cannot be disturbed for want of evidence to support it.

III. Most of the assignments of error may be resolved into the single inquiry whether the evidence and reports of the commissioners sustain the order and judgment of the court. The following copy of the plat of section 17, embraced in the order and judgment of the court, will indicate the points in controversy, and the corners as established by the court. The corners and boundaries of said section, as indicated in the government fieldnotes, and established by the commissioners in their joint report and the supplemental report of Commissioner Easley, are marked, respectively, by circles and heavy straight lines. The several corners, quarter corners, and boundaries as claimed by the defendant are shown by small circles and dotted lines.

"ORDER OF COURT."

·IV. The appellants sought to introduce before the court testimony tending to show that there were dis-

3. ——: ——: ——: ——.    crepancies between the known monuments and fieldnotes of surveys of other townships in the county made by the same government surveyor. This testimony was immaterial and irrelevant. To admit it would have opened the door to inquiries concerning other surveys that were remote to the issue being tried. The appellant claims that there was no evidence showing that the corners of section 17 were lost. Surely this controversy is a complete answer to that claim. If they were not lost, they are certainly in dispute.

V. It is also contended that there is a misjoinder of causes of action and of parties plaintiff, for that

4. ——: ——: ——: parties.    some plaintiffs have no interest in the southwest corner, and others no interest in the northwest corner, of section 17. All owning within the section are interested in its four corners, and, even if parties were joined as plaintiffs who had no interest, that is no reason why the rights of those having an interest may not be adjudicated.

As it follows from the views expressed that the order and judgment. of the district court must be affirmed, we do not here notice the ·questions made by appellees touching the regularity of the appeal. AFFIRMED.