ED. THRUSH, Appellant, v. JOHN GRAYBILL.

**Evidence:** BOUNDARIES: *Original survey and recorded plat.* Where there is a contest as to the boundary line between a street and the abutting lots, and the recorded plat does not agree with the original survey, the latter will control.

REBUTTAL. Where, in a contest as to the boundary line between abutting lots and the street, a disagreement is shown between the recorded plat and the original survey, and evidence is offered that, after the filing of the plat for record, the grantors made a rededication of the streets and alleys, as therein shown, by affirming under oath the correctness of the plat, it is competent to show, in rebuttal, that when this was done the grantors were ignorant of any error in the plat.

**New Trial:** NEWLY DISCOVERED EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence, where it appears doubtful whether the new evidence would change the result.

*Appeal from Pottawattamie District Court.*—HON. A. B. THORNELL, Judge.

WEDNESDAY, FEBRUARY 7, 1900.

DEFENDANT is a road supervisor, and this action is brought to compel him to open a public street in the unincorporated town of Underwood. Defendant denies that the street exists where claimed by plaintiff. There was a trial to court, and from a judgment dismissing plaintiff's petition he appeals.—*Affirmed.*

*H. L. Robertson* and *Clem F. Kimball* for appellant.

*O. D. Wheeler* for appellee.

WATERMAN, J.—Plaintiff owns lots 7, 8, 9, 10, and 11, in block 12, in the town of Underwood. These lots are in the south half of the block. On the north they abut on an alley, and on the south upon Fifth street, which is the south boundary of the town. On the recorded plat these lots are shown as being two hundred and two feet in length north and south. Defendant claims this is a mistake in the plat; that the lots by the original survey were laid out one hundred and forty-two feet in length; and that the north line of Fifth street, which is the street it is sought to have opened, instead of being two hundred and two feet south of the south line of the alley, is but one hundred and forty-two feet. Plaintiff seeks to have the street opened south of the two hundred and two-foot line. The contention here is not as to whether there is a street, but only as to its boundaries. It is sufficient for us to say, without going into the details of the evidence, that by the original survey these lots were laid out one hundred and forty two feet in length. We have held, in a contest between grantor and grantee, where the plat differs from the survey, the latter will control. *Bradstreet v. Dunham*, 65 Iowa, 248. But appellant claims that as to the road supervisor, he being a public officer, the rule

stated does not apply; that the plat should control.  If, in
a direct controversy, the rights of a grantor cannot be preju-
diced by a mistake in the plat, we cannot see why they should
be injuriously affected because the attack is made indirectly.
This is not a case where the purchaser bought with knowledge
of the platted dimensions of the lot, relying upon getting the
amount of ground shown.  It does not appear that plaintiff
knew anything of the size of the lots as platted when he pur-
chased.  On the contrary, it is shown that after he acquired
title he set his south fence on the one hundred and forty-two-
foot line, and only removed it when afterwards he learned
that the lots appeared on the plat as two hundred and two
feet in length.  Neither is this a case where it is sought to
close a highway upon which plaintiff's lots abut, as shown
by the plat.  In either of the instances suggested, we think
the rule in *Bradstreet v. Dunham* would not prevail.  But
the case we have here is strictly within the doctrine announced
in that opinion.

II.    An application was made for a new trial on the
ground of newly-discovered evidence.  At the time of the
trial it is claimed by plaintiff that the whereabouts of the
civil engineer, one Reed, who made the original sur-
vey and plat, was unknown, and could not be discov-
ered, though every effort was made to find him.  After
the trial he was found, and his deposition was taken.  Plaintiff
claims that he testifies the plat accords with the survey.  This
is open to some doubt, for the question asked and answered is
not clear.  In addition to this, the court's action in overrul-
ing the application finds support in the fact, shown on this
hearing, that, after the original survey and plat were made,
another engineer did some work, making certain alterations,
and his testimony is not taken.  If the plat shown Reed, and
with relation to which he testifies in his deposition, is a copy
of the recorded plat, then it is not as Reed made it.

Another claim made in the application for a new trial
is that, after the filing of the original plat for record, the

grantors made a re-dedication of the streets and alleys as thereon shown by affirming, under oath, the correctness of the original plat. Just when this was done is not made clear, but we understand it to have been after plaintiff purchased the lots in question. However this may be, the action was taken only to supply an omission in the original plat of the numbers of the section, township, and range wherein the town is located. It affirmatively appears that when this was done the grantors were ignorant of there being any error in the plat. We think the evidence that they did not know of the error was admissible.—AFFIRMED.

GRANGER, C. J., not sitting.