111   417
133   455

LOUISA BOEHLER, J. S. HARBER, *et al.*, v. CITY OF DES MOINES, IOWA.

**Dedication:** PLATS. Where a recorded plat shows a street running along the river, with lots lying between the street and the river, except for a short distance, where it shows a strip too narrow for lots, with only a dotted line between it and the street as elsewhere extended, such a strip is part of the street by dedication.

*Appeal from Polk District Court.*—HON. C. P. HOLMES, Judge.

WEDNESDAY, MAY 16, 1900.

PLAINTIFF, Louisa Boehler, began this action against the defendant to recover damages for trespass committed on certain real estate, and to enjoin further like acts. J. S. Harber and others intervened, claiming title to the property in question, and praying that it be quieted against plaintiff and defendant. The city, in its answer, also claims title to the property, and by cross bill seeks to have same quieted. The decree awards neither an injunction nor damages to plaintiff, nor does it quiet title in interveners, but it recites that the equities are with them and plaintiff, that plaintiff is in possession, and that the city has no right nor interest in the real estate, and its cross bill is dismissed. The city appeals.—*Reversed.*

*J. Edward Mershon* and *W. C. Strock* for appellant.

*E. T. Morris* for appellee Boehler.

*C. H. Sweeney* for appellees Harber and others.

VOL. 111 Ia—27

Waterman, J.—The only matter to determine is as to the rights of defendant under its cross bill. The real estate in dispute, as described in plaintiff's petition, is a tract of ground one hundred and forty-eight feet north and south along the west side of East Front street in the city of Des Moines, and opposite to lots 1, 2, and 3, and to the alley adjoining said lots on the north in block E of Scott and Dean's addition to East Des Moines. In defendant's cross bill the description includes this tract, but extends it south opposite that part of block D, lying north of the south alley running east and west. The plat attached will show the tract. It lies west of Front street between the short lots shown, and mainly within or west of the dotted line. This dotted line appears on the recorded plat, and much force is claimed for it by defendant, as will be seen when we reach the testimony. The city bases its title upon a number of grounds; but two, however, are argued: *First,* it is claimed that this tract was dedicated to the city as a part of Front street when the addition was platted; *second,* that the city has had possession of it as a part of Front street for so many years that it has acquired title by prescription. John S. Dean was the original owner of this land, and made the plat in question. Louisa Boehler's interest was acquired in 1886 by quitclaim deeds from some of the heirs of Dean, then deceased, and intervener claims by representation the interest of another heir deceased. The tract remained unoccupied for many years after it was platted, which was in 1849, although the city used it for a dumping ground. In 1886 plaintiff leased to one De Witt the north sixty-six feet of the tract in dispute, and he went into possession. He and his assignee have since held it. This action was commenced in 1892. Plaintiff paid the general taxes on this property for the years 1889 to 1896, inclusive; but it appears the property was first placed on the tax list as omitted property at plaintiff's instance, and has since been carried along by the assessor in her name. A special tax for paving and curbing

was. assessed against the city of Des Moines in 1892, and
has been paid by it.

We come now to a consideration of the plat.  An out-
line sketch of the part involved is herewith given:

· It will be noted that Walnut and Vine streets are laid
out as running to the river, while Court Avenue stops at the
east line of Front street, and, so far as appears, the west line
of Front street along this disputed tract is high-water mark.
If it was the intention of the owner that this should be so,
then the title of plaintiff and intervener is of no validity.
Some witnesses testify on plaintiff's behalf that they had
seen other plats about the time of the original survey, show-
ing more lots on the west of Front street than are here
shown; that is, that short lots were platted south of those
shown next to Walnut street down as far as the second alley

in block E. This evidence we cannot consider. There is also evidence that Dean tried to sell the tract in dispute at different times after the plat was recorded. This is a fact of but little weight. After all, we must rely chiefly on the plat, and that shows the street at this point is bounded by the river on the west. We are not authorized to add a line to the plat which was not placed there when the original survey was made, nor to take any such from it, unless, perhaps, when there is a conflict in the boundaries, or, in some cases, when the plat is shown to be not in accord with the original survey, as in *Bradstreet v. Dunham,* 65 Iowa, 248. See, on the general proposition stated, *Chicago, R. I. & P. R. Co. v. City of Council Bluffs,* 109 Iowa, 424. In addition to the evidence of the plat itself, we have the testimony of the surveyor who made it. He says, speaking first of the dotted line: "That is a depression between that and the river. It might have been a flat and might have been a second bank there. I don't know about that. My impression is we run the line as near the bank of the river as we could, so as to get the street all out of the river, and then made lots where there was enough of land between the street and the river. All that there is left is public property, is my impression; but, of course, I don't recollect whether there was anything said about that or not. We calculated about that time that we were going to have considerable water, and the steamboat would have to land some place. We were instructed to lay off lots wherever there was room along there. But where there was no room to plat lots we left the street extending to the river. That is my idea of it. * * * That fringed line was the second bank, I think. It was the calculation to lay off lots along the river bank wherever there was room enough. That was what I was ordered to do. Ques. 'I will ask you to examine the map hereon, * * * and state whether or not you understood that the lowland along the bank of the river commenced at the north end of the fringed line?' Ans. Well, I

have my doubts whether that is a correct map of the river there. There were little depressions and caved-in places, and we calculated to miss them all. Of course, there was some little bank left. You know how the streams are. There was some bank, more than enough for the. street, and we had to miss the caved-in places. The fringed line does not indicate the caved-in places; that is only a ridge of land." One contention of the city—that the dotted or fringed line indicated ordinary high-water mark—we do not find sustained; but both the plat and this witness, who made it, show that from a point opposite the first alley north of Vine street to a point opposite the second alley north of Court avenue the land to the river bank was given as a street, so that a boat landing might be made. It is true that where a plat is made with a street running parallel with a navigable river, and a narrow strip of land between such street and the river, it will not be presumed that this strip is dedicated to public use. *Cowles v. Gray,* 14 Iowa, 1. But that case is not applicable here, for the plat, instead of showing the land in dispute outside the street boundary, shows it to be within. The right of the public to this street as shown on the plat accrued on the acknowledgment and recording of that instrument, and the possession of plaintiff, if it be admitted to be of a character that might in time devest public rights, has not been sufficiently long continued. *Lathrop v. Railroad Co.,* 69 Iowa, 105; *Davis v. Huebner,* 45 Iowa, 574. We, are convinced the defendant should have had a decree quieting title in it for the use of the public.—REVERSED.