E. C. ROWELL, Appellant, v. SOPHIA WEINEMANN, D. E. LEARY, ELIZABETH DANIELS AND J. E. DANIELS *et al,* Appellees.

Action to Determine Government Boundary Lines: PROOF OF FIELD NOTES, ETC. In determining the original government lines and corners, where they are in dispute, courses, distances, measurements, plats and field notes must all yield to the actual corners and lines established by the original government surveyors.

Same: EVIDENCE ADMISSIBLE TO ESTABLISH. In determining the original government lines and corners it is proper to consider the testimony of those who saw them when discernible, their practical location made at a time when presumably in existence, acquiescence of parties, acts of public authorities with respect thereto, boundaries of contiguous tracts and their reputation and tradition.

**Same:** DESIGNATION OF LINES BY VENDOR: ESTOPPEL. Where the owner points out the lines and corners to one who purchases, relying on the boundaries so designated, the vendor is estopped from denying such location of the lines.

*Appeal from Clay District Court.*—HON. W. B. QUARTON, Judge.

WEDNESDAY, JANUARY 28, 1903.

SUIT in equity to quiet plaintiff's title to the N. ½ of section 2, township 97, range 35. Defendants Daniels and Leary filed answer, denying plaintiff's ownership, and claiming title to the land in controversy as a part of the S. ½ of section 2 of said township and range, pleading adverse possession, acquiescence in an established boundary, and an estoppel. On these issues the case was tried to the court, resulting in a decree dismissing plaintiff's petition and quieting title in the defendants. Plaintiff appeals. —*Affirmed.*

*Cornwall & Martin* for appellant.

*Buck & Kirkpatrick* and *Healy Bros & Kelleher* for appellees.

DEEMER, J.—Plaintiff is the owner of the north half of the section above described. He obtained title to the northeast fractional quarter of the section October 27, 1894, by deed from C. W. Carpenter and wife, and to the northwest fractional quarter on December 10, 1895, through a sheriff's deed under foreclosure of a mortgage made by one Ostrander to the J. I. Case Threshing Machine Company, which mortgage was assigned to plaintiff's wife, and afterwards foreclosed by her. Defendants Daniels are the owners of the west 200 acres of the west 280 acres of the S. ½ of section 2, having acquired their title December 1, 1893, by conveyance from Sevdy and wife. Defendant Leary is the owner of the east 71.25 acres of the S. E. ¼ and the east 80 acres of the west 280 acres of the S. ½ of

section 2, having acquired his title April 24, 1894, from the plaintiff, Rowell. The real controversy is over the lines and boundaries between these tracts of land, and the case in most of its aspects is like *Rowell v. Clark.* 119 Iowa, 299. The N. ½ of section 2 is fractional according to the government survey, but, if we follow the field notes and plat made by the government surveyors, we must hold

1. BOUNDARY lines: proof of: field notes, etc.

that the quarter corners common to sections 2, 3, 4, and 5 and the section corners along the south sides of these sections are at or near where plaintiff claims them to be, and render a de ree for him, unless it be for some of the affirmative defenses pleaded by the defendants, which have already been stated in a general way.

But it is well settled that the line: actually run by the original government surveyors become the true boundaries, and, if they can be ascertained through monuments erected by these officials, they will control; and courses, distances, measurements, plats, and field notes must all yield. *Ufford v. Wilkins*, 33 Iowa, 112; *Sayers v. City of Lyons*, 10 Iowa, 249; *Root v. Town of Cincinnati*, 87 Iowa, 204. It is well known that the original surveys were faulty in many respects, and that they will not stand the test of careful and accurate retracing. It is not the purpose of such actions as this, or of any other, for that matter, to straighten out lines, or to remove unsightly crooks, however desirable such a result might be. *Rallins v. Davidson*, 84 Iowa, 237. Hence everything yields to known monuments and boundaries established by the government surveyors.

The primary inquiry in the case is, have the corners and boundaries as established by the government surveyors

2. SAME: evidence: admissible to establish.

been sufficiently shown? It must be conceded that these monuments, which were artificial, have now to a large extent been obliterated; but in determining where they were we may consider

not only the testimony of those who saw and iden-
tified them when they were discernible, but evidence of
practical location made at a time when they (the monu-
ments) were presumably in existence (*Diehl v. Zanger*
39 Mich. 601; *Stewart v. .Carleton*, 31 Mich. 270); acquies-
cence of the parties concerned in supposed boundary lines
(*Joyce v. Williams*, 26 Mich. 332); acts of public author-
ities and the well established boundaries of other contigu-
ous tracts (*Baker v. McArthur*, 54 Mich. 139 [19 N. W.
Rep. 923]; *Whalen v. Nisbet*, 16 Ky. Law Rep. 52 [26 S. W.
Rep. 188]; *Williams v. Tschantz*, 88 Iowa, 126); and repu-
tation and tradition is also to be considered in some
cases (*Klinkner v. Schmidt*, 114 Iowa, 695).

A number of surveyors were called, who had run the
lines and boundaries in dispute, and who testified to
ing found the original government corners commo  to sec-
tions 5, 6, 7, and 8, 3, 4, and 10, 2, 3, 10, and 11, and 1, 2,
11, and 12, and who stated that these corners were where
defendants now .claim them to be.    Some of these survey-
ors were called to find out the difficulty with the lines, and
one or more of them testified that they at that time found
the field notes grossly incorrect.   The testimony also shows.
that improvements were made with reference to these
corners, highways laid out, improved, and worked, bridges
·built, fences erected, school houses constructed, and lands
tilled in accordance therewith.   In some instances fences
were erected on the lines thus established nearly thirty
years ago.    The evidence also shows that resurveys were
attempted some years ago, and that the surveyors invari-
ably found the field notes inaccurate, and in many in-
stances grossly incorrect.

On the face of the record it would be most unjust and
inequitable to hold that all these corners and boundaries
should now be changed to correspond with the plat and
field notes, which ar · clearly shown to be erroneous and
incorrect.   To do so would mean much more than a mere

decree for plaintiff in this particular case. It would necessitate the relocation of highways, the removal of school houses and bridges; in fact an entire rearrangement of fences and improvements over the whole north end of the township. The chief difficulty in this case seems to lie in the fact that there is a deficiency of land in the township. This deficiency was, of course, according to the rules of the department, deducted from the western and northern sections or half sections of land in that township. We are constrained to hold that defendants have established the lines and boundaries claimed by them, and that the decree of the district court is correct.

Moreover, there can be no doubt as to defendant Leary's rights in the premises. He purchased his land from plaintiff; and at the time of his purchase plaintiff,

3. SAME: designation of lines by vendor: estoppel.

through his agent, pointed out the lines of his land and told him just where the boundaries were. Leary purchased believing that these boundaries were correct, and plaintiff is clearly estopped from now insisting that they were and are incorrect, and that a resurvey should be had, and the lines re-established in accord with the government plat and field notes. No citation of authorities is needed in support of this contention. By agreement plaintiff established the boundaries as now claimed by the defendant Leary, and the case as to him is without merit, no matter where the true boundary may be. On the whole case we reach the satisfactory conclusion that plaintiff's claim is without merit, and that the trial court was right in dismissing the petition, and rendering a decree for defendants.—AFFIRMED.