## NESSELROAD V. PARRISH.

1. **Boundary Line**: SERVICE: JURISDICTION. Under chapter 8, laws of 1874, the record in an action to establish a boundary line must show the fact that an adjacent owner is unknown, and is not a resident of the county, before service upon him by publication will confer jurisdiction upon the court to establish the boundary. This fact may properly be shown by affidavit.

2. ———: COMMISSIONER: EVIDENCE. The statute contemplates the taking of evidence by the commissioner appointed, and that the survey shall be made in the light of such evidence. Where material evidence is not produced because of the failure of the commissioner to notify a party when the survey will be made the fact constitutes good ground for setting aside his report.

*Appeal from Guthrie District Court.*

MONDAY, OCTOBER 27.

ACTION to establish a disputed corner. The petition states that John Parrish and C. W. Wright are each the owners of land contiguous to the disputed corner, and that Wright is a non-resident of Guthrie county, in which the land is situated, and is unknown. The petition was not sworn to, nor was any affidavit filed showing that Wright was a non-resident of the ·county and unknown. The notice, however, which was intended to make him a party to the proceedings, was given only by publication.

The defendant Parrish appeared, and resisted the appointment of a commissioner, on the ground that Wright had not been duly made a party to the proceedings, the proper foundation not having been laid for bringing him in by notice by publication. The court overruled the objection, to which Parrish excepted. The court then appointed one Pryor as commissioner, and one Long as assistant, to take the evidence in writing. Afterwards Pryor substituted one Hammond as assistant, without the authority of the court, and proceeded and made the survey in the absence of Long and without notice to him. He also made the survey without notice to Parrish. Upon the coming in of the report, Parrish appeared and objected to it because Wright had not been properly made a party to the proceedings, and because the commissioner made the survey without the assistant appointed by the court, and because he (Parrish) was not notified of the time of the survey, and failed for that reason to introduce important evidence which he could have produced, and would, if he had been notified. The court overruled the objections, but allowed Parrish to introduce his evidence in court upon the hearing upon the report, to which Parrish excepted. Upon the hearing the court confirmed the report, and entered decree accordingly. The defendant Parrish appeals.

*Carpenter & Holsman*, for appellant.

*Stiles & Porter*, for appellee.

ADAMS, J.—I. This proceeding was instituted under chapter 8 of the Laws of the Fifteenth General Assembly. That statute provides that if any one of the adjacent owners is unknown, and does not reside in the county, notice may be served upon him by publication. It is not provided that any evidence shall be filed either by affidavit, sworn petition, or otherwise, that the person served by publication is unknown and a non-resident of the county. In this case none was filed unless the unsworn statement in the petition be considered as evidence, and we do not think it can be. The record, therefore, does not show the fact which makes

Nesselroad v. Parrish.

service by publication valid. The question, then, is as to whether it is necessary that the record should show such fact. In our opinion it is. Legal service was necessary to give the court jurisdiction. We think that the court should have refused to act until the record was such as to show that it had jurisdiction.

As the facts authorizing service by publication were to be established *ex parte*, we think it should have been done by affidavit.

The plaintiffs insist, however, that this is an objection which no one but Wright could raise. In our opinion the point is not well taken. The statute provides for the apportionment of costs. The establishment of a disputed corner can have no validity whatever if the court lacks jurisdiction of one of the parties interested. In our opinion the appellant's objection should have been sustained.

II. The statute provides for one or more surveyors as commissioners. It does not provide for the appointment of a person to take testimony. We think that the commissioners may call to their aid such assistance as they may need. In this case the commissioner called Hammond to his aid instead of the assistant appointed by the court. We see nothing in this, which would have justified the court in setting aside the report.

III. The appellant complains that he was not notified of the time of making the survey. The statute does not provide for notification to the parties interested. Notice, therefore, could not be considered jurisdictional. But the statute contemplates that the commissioner will take evidence. If it is made to appear that material evidence was omitted to the prejudice of a party who was not notified, we think it would constitute good ground for rejecting the report.

It is not the same thing to the party thus prejudiced, to be allowed to introduce his evidence in court. The evidence should be taken in connection with the survey, because the survey is to be made in the light of the evidence.

We think that the report should have been rejected.

REVERSED.