W. S. FISHER, Appellee, v. FREDERICK MUECKE *et al.*, Appellants.

1. **Ejectment: TITLE BY PRESCRIPTION: EVIDENCE.** In an action to recover a strip of land claimed by the plaintiff as a part of the northeast quarter of section 15, and by the defendant as a part of the northwest quarter of section 14, it appeared that the plaintiff had been in possession thereof for more than ten years prior to the commencement of this action, and that in proceedings had in the district court, to which both the plaintiff and defendant were parties, the line between sections 14 and 15 was so established as

| 82 | 547 |
| 87 | 602 |
| 82 | 547 |
| 95 | 199 |
| 82 | 547 |
| 101 | 445 |
| 82 | 547 |
| 104 | 417 |
| 105 | 521 |
| 82 | 547 |
| 107 | 553 |
| 82 | 547 |
| 111 | 658 |
| 111 | 661 |

to give the land in question to the northeast quarter of section 15. *Held*, that the court properly submitted the case to the jury upon the single question, whether the defendant's possession of the land had been such as to enable him to have acquired title thereto by prescription.

2. ———— : OWNERSHIP OF PLAINTIFF : EVIDENCE : PRACTICE. The evidence of the plaintiff's ownership of the northeast quarter of section 15 being undisputed, and sufficient to show title, and the land in question having been judicially determined to be a part of section 15, and the defendant's claim to said land being based simply upon the belief that it was a part of section 14, *held*, that the court properly refused to submit the question of plaintiff's title to section 15 to the jury.

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

THURSDAY, MAY 21, 1891.

ACTION to recover possession of "a strip of land off of the east side of the northeast quarter of section 15, township 90, range 45, Plymouth county, Iowa," and damages for the detention thereof. There was an answer denying generally, and alleging that the defendant, Frederick Muecke, is the owner, and has been in actual, open, notorious and adverse possession since May, 1874, claiming under the title thereto as a part of the land purchased by him of the Agricultural College of Iowa. The reply denied that the defendant took possession "under claim or color of title." There was a trial to a jury, resulting in a verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*Martin, Gaynor & Scott* and *Argo & McDuffie*, for appellants.

*Durley & Sammis* and *J. S. Lathrop*, for appellee.

GIVEN, J.—I. The plaintiff claims the land in question as a part of the northeast quarter of section 15,

1. EJECTMENT: title by prescription: evidence.

and the defendant claims it as a part of the northwest quarter of section 14. It is manifest from the record that neither party relied upon the failure of the other to show ownership of the quarter section to which he claimed the land in dispute belonged. There is no conflict as to their

ownership of the quarter sections claimed by them respectively. The real controversy is as to which of these quarters the strip of land in question belongs. The testimony shows without conflict that the plaintiff was in possession of the land in controversy for more than ten years prior to the commencement of this action, and that a proceeding was had wherein this plaintiff was the plaintiff, and this defendant was a defendant, in the district court, to establish the corners to sections 10, 11, 14 and 15, township 90, range 45, and the boundary line between said sections as authorized by statute ; and that a decree was entered establishing the line between sections 14 and 15 so as to include the strip of land in question as a part of the northeast quarter of section 15. These facts appearing without conflict, the court properly submitted the case upon the single inquiry as to whether the defendants' possession of the land in question had been such as that the statute of limitations had run in favor of the defendant, Frederick Muecke, "giving him the right to said land under what is known in the law as 'title by prescription.' "

II.   The appellant complains that the court did not submit the question of the plaintiff's title, and that the plaintiff failed to show title to the north-east quarter of section 15. The plaintiff claimed under, and showed the grant of, the United States to this state, May 15, 1856, to aid in constructing certain lines of railways ; the grant from the state to the Iowa. Falls & Sioux City Railroad Company of all of section 15, and conveyance by said company to the plaintiff of the northeast quarter of section 15. This evidence of title was undisputed, and there was no question to submit to the jury with respect to it. By the proceeding to establish corners and boundary lines it was judicially determined that the strip of land in question was a part of the northeast quarter of section 15, and the only question remaining in this case was whether the defendant, Frederick Muecke, had acquired title by prescription. He never claimed to own or be entitled to the possession of more than the northwest

*2. ——: owner-ship of plaintiff: evidence: practice.*

quarter of section 14, and only claimed this strip of land because he believed it was a part of that quarter. It is not a part of that quarter, and, therefore, he not only never had color of title to it, but never held it by claim of right adversely and hostile to the true owner. His possession is identical with that in *Grube v. Wells*, 34 Iowa, 148.

We discover no errors in giving and refusing instructions, and we think the case was correctly submitted, and that the judgment of the district court should be AFFIRMED.