AUGUST MUECKE, Appellant, v. JOEL BARRETT.

**Judgments: EFFECT:** *Boundaries.* Surveyors were commissioned to locate the corner and boundary line common to four sections, which were the only issue raised by the pleadings. The report located, not only the corner and lines stated, but also the quarter sections. The court found the report correct and confirmed it as to the line and corner in dispute, and rendered judgment establishing the latter as shown by the report. *Held,* that such judgment did not affect a quarter section corner in one of the four sections which had been established by the general government survey, and recognized by all parties interested.

*Appeal from Plymouth District Court.*—HON. F. R. GAYNOR, Judge.

FRIDAY, JANUARY 21, 1898.

ACTION at law to recover the possession of real estate and damages for its detention. There was a trial by the court, without jury, and a judgment in favor of the defendant. The plaintiff appeals.—*Affirmed.*

*Ira T. Martin* for appellant.

*Sammis & Scott* for appellee.

ROBINSON, J.—The plaintiff is the owner of the northwest one-fourth of section numbered 14, in township numbered 90 north, of range numbered 45 west of fifth P. M.; and the defendant owns the northeast one-fourth of the same section. The plaintiff claims that the defendant wrongfully holds possession of a strip of land on the east side of said northwest one-fourth, which is a part thereof, and is seventeen rods wide at the north end, and eight rods wide at the south end, containing about twelve and one-half acres. Judgment is demanded for the possession of that land, and for the sum of forty-five dollars for each year of the time plaintiff claims to have been entitled to possess and use it. The district court dismissed the petition. There is no material conflict in the evidence in this case. The land which belongs to the plaintiff was a part of the Agricultural College grant, and was leased to Frederick Muecke in May, 1874. Ten years later it was patented to him, and in May, 1891, he conveyed it to the plaintiff. The defendant has owned the north one-half of his quarter section since the year 1869, and the south one-half for nine years preceding the trial in the district court. In August, 1884, one W. S. Fisher commenced a proceeding in the district court of Plymouth county against the plaintiff and the defendant in this action, and other persons, to have established the corner which

was common to sections 10, 11, 14, and 15, in the town-ship specified, and the boundary line between the sections. There was an appearance in that proceeding by some of the defendants. Commissioners were appointed to locate the corner and boundary lines specified, and judgment was rendered establishing them. The controversy in this case is in regard to the scope and effect of that judgment. The interest held at that time by the plaintiff in the land he now owns does not appear, but it was conceded that he was bound by the judgment rendered. It is also admitted that prior to the year 1885 the respective owners of the two quarter sections described believed the boundary line common to them was where the defendant now claims it to be, and that the occupation of both tracts had been fixed by that line. But it is claimed by the appellant, and denied by the appellee, that the effect of the proceeding and judgment referred to was to establish the boundary line now in dispute where the appellant claims it to be.

The petition of Fisher in the case referred to is as follows: "Plaintiff states that the corner common to the four following sections of land in said county, to-wit, sections 10, 11, 14, and 15, in township 90, range 45, and the boundary lines between said sections, are in dispute, and the plaintiff is desirous of having said corner and boundaries permanently established; that the plaintiff and the defendants are the proprietors of the lands adjoining said corner, and lying along said boundaries, and are all of such proprietors, and will not enter into an agreement to abide by the survey of some surveyor to establish said corner and boundaries. Wherefore plaintiff prays that the court will appoint a commission of one or more disinterested surveyors to survey said sections, as provided by law, and to permanently establish said corner and the boundaries of and between said sections, to-wit, the corner lying and being the

common corner of sections 10, 11, 14, and 15, in town-
ship 90, range 45, and the section line boundary running
north and south between sections 10 and 11, and
between sections 14 and 15, and the section line running
east and west between sections 10 and 15 and sections
11 and 14, and to apportion the costs of said survey and
this suit among the parties according to their respective
interests." The answer to that petition, filed by the
plaintiff in this case and one other, denied that the com-
mon corner of the section specified and the boundary
lines between them were in dispute, and alleged that
they were where they should be, and where they were
located by the government survey. A judgment estab-
lishing the "said corner and boundary lines where they
now are" was asked. The commission which was issued
to the surveyors directed them to survey the sections
specified, "and locate and establish the corner common
to said sections; to also locate and establish the north
and south boundary lines between said sections 10 and
11, and between said sections 14 and 15, and the
boundary line running east and west between said
sections 10 and 15 and, said sections 11 and 14, as pro-
vided by law." In executing the commission, the sur-
veyors located not only the section corners in the
boundary lines they were directed to fix, but also the
quarter section corners; and their report showed that
fact. The district court found that the report and sur-
veys were correct, and the report "of the lines and
corners in dispute" was approved and confirmed, and it
was ordered "that the lines and boundaries in dispute,
to-wit, the corner common to sections 10, 11, 14, and 15,
township 90, range 45, in said county, and the section
lines between said sections, be, and the same are fixed
and established as shown in said report and in the plat
attached thereto, and are declared to be the legal and
permanent corner and boundaries therein shown for-
ever." After that judgment was rendered, the plaintiff

caused a stone to be located at what he claimed to be the southeast corner of his land. It is agreed that the stone thus placed correctly marks the center of the section as ascertained from the survey which was made by the commissioners appointed by the court in the *Fisher Case;* but the stone is eight rods east of the south end of the boundary line to which defendant claims, and the quarter corner established by the commissioners in the north boundary line of the section is seventeen rods east of the north end of the boundary line to which defendant claims. We are required to determine whether the judgment rendered in the *Fisher Case* established the boundary line in controversy in this action. The survey made in that case was involved in *Fisher v. Muecke*, 82 Iowa, 547, but that case involved the true location of the boundary line between the northwest one-fourth of section 14 and the northeast one-fourth of section 15, and as that boundary was an exterior one, common to the two sections, the question decided in that case is not the one which is controlling in this case.

A careful examination of the record in the *Fisher Case,* submitted to us, fails to show that it involved any controversy whatever in regard to the boundary line now in question. The petition only asked that the corner common to the four sections specified, and the boundary lines between those sections, be established, and the judgment rendered granted that relief only. It is true, the surveyors had located some corners which were not in dispute, but their action in that respect was not confirmed by the judgment, which was limited to the corner and boundaries in dispute. The petition did not allege that the quarter corner in the north boundary line of section 14 was in dispute, nor ask that it be established. Therefore, it was not within the purview of the judgment rendered, unless it was necessary to establish that corner in order to locate and establish the north boundary line of the section. It is true,

the location of that line was necessarily governed by the location of the corner; but, as none of those were alleged to be lost excepting the one common to the four sections specified, it was fair to presume that the location of the lines, so far as they were not dependent upon the lost corner, would be fixed by the corners which were not lost. Moreover, the location of the north boundary line of section 14 would not be affected by the location of the north quarter corner, whether it be at the point at which the plaintiff claims it should have been located, or at a point seventeen rods further west, so long as it occupied the same relative position with respect to distance north and south.

It is to be observed in this connection that although both the plaintiff and the defendant were parties to the proceeding by Fisher, the defendant did not appear thereto, and no attempt was made to have adjudicated any controversy between the several defendants. The original notice served on Barrett only notified him that Fisher sought to have established one lost corner, and to have fixed the boundaries between the sections to which the lost corner was common. The petition followed the notice, and, as the relief demanded did not require the location of the corner in controversy in this action, the court was not authorized to establish it, and, as we have seen, did not attempt to do so.

The appellant has called our attention to several authorities in regard to the effect of an adjudication upon all matters which were necessarily involved in the litigation, or which might have been determined by it; but, in our opinion, none of the authorities cited are applicable to the undisputed facts of this case. The north quarter corner in question appears to have been established by the survey of the general government, at the point for which the appellant contends, and to have been recognized by all parties in interest as the true corner, until the judgment in the *Fisher Case* was

rendered. The district court was authorized and required by the evidence to find that the corner so recognized was not affected by the judgment rendered in that case, and we find no ground upon which its judgment in this case can be disturbed. It is therefore AFFIRMED.