WILLIAM J. NEWTON, Appellant, v. J. F. TEMPLEMAN, Appellee.

| 115 | 643 |
| 129 | 644 |
| 115 | 643 |
| 139 | 181 |

**Boundaries: STARTING POINT.** Where, in an action, under the Code, to settle a disputed boundary line, the commissioner reports that he could not fix the line without locating a certain section corner, and that he did locate such corner, but his report as to such location was not confirmed, because the parties interested therein were not parties to the action, the location made by him was sufficient as a point from which to measure in locating the boundary disputed in the action.

**EVIDENCE:** *Review on appeal.* Where, in an action to settle a disputed boundary, the evidence as to the true location of a government section corner is contradictory, both before the commissioner and before the trial court, and the court confirms the report as to the disputed boundary as measured from the commissioner's location of such corner, such findings of the commissioner and the court will not be disturbed.

*Appeal from Cass District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, FEBRUARY 8, 1902.

THIS is a special action to establish and locate disputed corners and lines between the north $\frac{1}{2}$ and the south $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of section 7, township 77, in Cass county. A commissioner was appointed, who took evidence, made a survey, and reported in favor of lines and corners as claimed by defendant. The lines and corners thus established were approved and adopted, and plaintiff appeals.—*Affirmed.*

*De Lano & Meredith* for appellant.

*Swan &. Bruce* for appellee.

DEEMER, J.—Plaintiff owns the north $\frac{1}{2}$ and defendant the south $\frac{1}{2}$ of the quarter section of land above described. A controversy having arisen between them over their division line, plaintiff commenced this action for the settlement of the dispute, under the provisions of the Code relating to the establishment of disputed corners and boundaries. A commissioner was appointed "to survey, locate, and establish the boundary line between plaintiff and defendant, and to locate and establish the true corner at the east end of said boundary line." Pursuant to this authority, the commissioner proceeded to take evidence, make a survey, and establish the boundary and corner in dispute. From his report it appears that, on account of the uncertain and contradictory character of the evidence, he was unable to determine the true northeast corner of section 7; that is, the corner common to sections 5, 6, 7 and 8. He also states in this report that he went north to the northeast corner of section 6, where he found an original government corner, which was well established; that he then commenced at the quarter corner between sections 7 and 8, which was also well established, and ran north, with proper variation of the needle, to the said northeast corner of section 6; that he then divided the distance between these two points according to the regulations of the general government, found the quarter

corner between sections 6 and 7, and ran and estab-
lished the line between plaintiff's and defendant's premises.
He also appended to his report the following: "Believing
that your commissioner has fulfilled all the requirements
under his commission, would ask the consideration of the
court upon the following items: My commission did not give
me the authority to locate and establish the northeast corner
of the section. Your commissioner did, however, at the re-
quest of three of the four owners of the land adjoining said
corner, establish said corner, by driving an iron stake at the
point to mark the corner. And would also ask that this and
his other acts and doings be approved." On the coming in
of this report plaintiff filed a motion to set it aside, to re-
submit or to fix the section corner common to sections 5, 6,
7, and 8, and to establish the corner and boundary in dispute
therefrom. Defendant moved to approve and confirm the
report. Defendant's motion was sustained, and the report
approved, except in so far as it assumed to fix the corner
common to sections 5, 6, 7, and 8.

Testimony was adduced in support of plaintiff's motion
tending to show that the northeast corner of section 7 was
not in dispute, but was clearly established; and he asked
that the court establish the corner in accord with this evi-
dence, or re-submit the matter to the commissioner, with di-
rections to use that as a basis for his survey, instead of the
northeast corner of section 6.   The defendant also offered
evidence, which included the testimony of the commissioner,
who was a surveyor, tending to show that the original north-
east corner of section 7 was not where plaintiff claimed it to
be, but at a point about 14 feet north and west of the corner
claimed by plaintiff. The sectional corner claimed by plain-
tiff is known as the "Heaton Corner," and the one claimed
by the defendant is known as the "Jacobs Corner." Plaintiff
now contends that the evidence shows without dispute that
the Heaton corner is the one originally established by the
government surveyors, and that the commissioner's report

should be set aside, because he did not take this point as an accepted and established one and make his survey accordingly. He also contends that the commissioner could not find the line and the corner in dispute without finding the northeast corner of section 7, and that as he did not find it, and failed to establish the same, the report should be set aside, and the matter re-submitted.

Further claim is made that the trial court should have established the Heaton corner as the true one, and that, as it struck out that part of the report establishing a corner at the northeast of section 7, there was no basis for any report, and it should have been set aside.

Before going to the main proposition, it is well to notice a point made by appellant to the effect that the commissioner testified he could not establish the corner and the boundary in dispute without fixing the northeast corner of section 7, and that, as he did not fix it, his report is discredited, and should not be received. It must be remembered that the only dispute between the parties to this litigation was as to the boundary line between their tracts and the corner at the east end thereof. None of the other landowners who were interested in the corner common to the four sections were made parties to this action. The section corner therefore could not be definitely established, and it was only incidentally involved in this action. Perhaps it would have to be tentatively established by the surveyor in order to find the line and corner in dispute, but the surveyor was not required to nor could he permanently establish it. The trial court was right in eliminating that part of the report which attempted to permanently establish this corner, for it was not in dispute, except incidentally, and none of the parties whose land would be affected, save plaintiff, were made parties to this action. In so far as it was necessary to do so, the commissioner did fix the section corner. This he did in running his line northward from the quarter corner between

sections 7 and 8, and in making proper subdivision of the distance. For the purposes of this case, that corner was established, although it was binding on no one, and was simply used as a measuring point. As well say that he was required to definitely determine and permanently fix every corner and line used to ascertain the ones in dispute as to say that he should have fixed the northeast corner of section 7.

The real point for which appellant contends, we apprehend, is that both the commissioner and the trial court erred in not accepting plaintiff's evidence to the effect that the Heaton corner was the one originally fixed and located by the government surveyors. The report filed by the commissioner shows that he did not adopt either the Heaton or the Jacobs corner, but ran a line of his own, and found the true corner was about midway between the two points. The record before us shows a decided conflict in the evidence regarding the original government corner. Some of the witnesses say it was at the Heaton corner and some say it was at the Jacobs corner, and some say it was at neither place. Surely, the commissioner was justified in reporting that the evidence was contradictory, and that he was unable to find the true corner. The case made before the court on plaintiff's motion is not materially different on this point from that made before the commissioner. It is no doubt strengthened by evidence tending to show that the so-called "Jacobs Corner" was founded on a mistake, but, after all is said that may be on this question, there was a manifest conflict in the evidence before the trial court regarding the integrity of the Heaton corner, and we are not justified, under such circumstances, in interfering with the conclusion reached by it. That court saw and heard the witnesses, and was in a much better position than we are to weigh their evidence.

It is unnecessary to say that, if the Heaton corner was established as the one originally located by the government

surveyors, it should govern, whether the correct one as shown by a subsequent survey according to established rules or not. But, as said in *Vittoe v. Richardson,* 58 Iowa, 575, "the case is not triable *de novo* and therefore the finding of the commissioner and the court must have the force and effect of the verdict of a jury. The evidence of the witnesses related to a period 30 years ago, and there was some evidence supporting the conclusion of the commissioner. It is and must always be difficult to locate the true corner when all evidence of its location has been lost. We therefore are not disposed to interfere with the findings of the commissioner, who heard the evidence and had been over the ground, when his action has been approved by the court below, unless we are satisfied the commissioner has been governed in his finding by passion or prejudice. This is not claimed, and, if it was, it could not be successfully maintained."

There is no such showing in this case as will justify us in reversing the action of the trial court.—AFFIRMED.