Henry Dittmer, Appellant, v. H. Mierandorf, et al.

**Lost corners:** RELOCATION : RES JUDICATA.  The judgment in a proceeding to re-establish a lost corner, to which the then owner of the adjoining land was not made a party, is not conclusive in a subsequent action for the same purpose against a plaintiff to whom such adjoining land was thereafter conveyed.

**Same.**  Where the plaintiff in a former action to relocate a lost corner dismissed as to certain defendants before the issue as to a former adjudication was determined, the judgment decreeing an adjudication was not conclusive in a subsequent action, against the parties so dismissed.

*Appeal from Sioux District Court.*— Hon. G. W. Wakefield, Judge.

Tuesday, February 13, 1906.

Action to establish a lost corner.   There was a judgment dismissing the petition, from which the plaintiff appeals.— *Reversed.*

*Van Oosterhout & Hospers,* for appellant.

No appearance for appellees.

SHERWIN, J.— This action was brought to establish a corner common to sections 2 and 3 in Reading township, and sections 34 and 35 in Center township; plaintiff being the owner of the S. E. ¼ of the S. E. ¼ of section 34 in Center township. The defendant Mierandorf alone answered, pleading two former adjudications, one in 1894, and the other in 1903. After a trial, the court sustained the plea and dismissed the petition. The sole question for determination on this appeal is whether the adjudications in the former proceedings bind this plaintiff.

In the fall of 1893, the defendant herein, Mierandorf, and one Heidbrink as plaintiffs filed a petition, making Fred Dittmer and others defendants, in which it was alleged that

1. LOST CORNERS: re-location: *res judicata.*

the corner now in dispute was lost and praying for the appointment of a commission and its relocation. Notice of the action was served on but two of the defendants named therein, viz., Fred Dittmer and Pat Clary. In their petition it was alleged that Evan Bros. were the owners of the E. ½ and the S. E. ¼ of section 34, which includes the 40 acres now owned by this plaintiff. Evan Bros. did not then, or at any other time, own the land. The title to the S. E. ¼ of the S. E. ¼ of section 34 then stood in the name of a son-in-law of one Wm. Irwin, and to Wm. Irwin this son-in-law conveyed it in 1895, and Irwin in turn conveyed it to this plaintiff in 1902. That a relocation of the corner in question without making the owner of this particular forty acres a party thereto would not be an adjudication as to him, is settled by the decisions of this court. *Nesselroad v. Parrish,* 52 Iowa, 269; *Smith v. Scoles,* 65 Iowa, 733; *Muecke v. Barrett,* 104 Iowa, 413; *Newton v. Templeman,* 115 Iowa, 643. And as it clearly appears that he was not in any way a party to the proceedings had in 1894, it is certain that the plea

of *res judicata,* so far at least as those proceedings are involved, is of no avail.

As to the alleged adjudication of 1903, it appears that in the fall of 1902, Casper Heidbrink, as plaintiff, brought an action joining as defendants all parties owning land in the four sections named herein; the defendant

**2. SAME.**

herein, Mierandorf, and one Borgman were the only ones to answer; the former pleading that said Heidbrink had joined with him as plaintiff in the proceedings in 1893–94, and was concluded thereby. Before that issue was submitted Heidbrink dismissed as to all of the other defendants without objection from any one, and the court subsequently decreed that Heidbrink was a party plaintiff to the former proceedings and was bound thereby. No issue was there tried that could act as an adjudication of the plaintiff's right to maintain the present action, and the plaintiff therein having a right to dismiss without prejudice under the Code, section 3764, we do not see how it could have been held that the finding in that action was conclusive on the plaintiff in this. As to Heidbrink's right to dismiss, see, also, *Morrisey v. Ry. Co.,* 80 Iowa, 314; *Oppenheimer Bros. v. Elmore,* 109 Iowa, 196.

The judgment must be, and it is, *reversed.*