JULIUS SCHOEN, Appellant, v. MRS. MELVIN HARRIS, Appellee.

Disputed boundary: TRIAL OF ISSUES. Where the parties to an action to establish a disputed boundary line claimed that an old fence by acquiescence marked the true boundary, and plaintiff claimed that a new fence was on the same line, the question of whether the old fence was established by acquiescence as the boundary was properly tried by the court without the appointment of a commissioner.

Practice: METHOD OF TRIAL: ESTOPPEL. Where the parties agree upon the method of trying a cause and proceed in that manner without objection neither party should be permitted, after an adverse judgment, to claim that the method of trial should have been different.

Same: ACTION TO ESTABLISH BOUNDARY: EVIDENCE. The statute authorizing the hearing of evidence by the court after the commissioner has filed his report, in a proceeding to establish a lost boundary line, does not authorize the hearing of evidence by affidavits, but contemplates the calling and examination of witnesses in open court.

**Same.** On an issue as to whether a new fence was built by plaintiff on
4    the line of an old one, which had been acquiesced in as marking the
boundary, or whether it was constructed on another line, evidence
of a surveyor, who had surveyed the premises for defendant and
noticed the fence claimed to be the boundary and a surveyor's stake
near it, that he located the corner, set a stake near the fence and
marked the point, was not objectionable as seeking to show a new
line, but was proper as bearing on the location of the old fence.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY,
Judge.

SATURDAY, NOVEMBER 22, 1913.

PROCEEDING to establish the boundary line between lot 10,
owned by defendant, and lot 11, owned by plaintiff, and to
establish lost corners. Plaintiff alleged acquiescence in a
boundary line for a period of more than ten years, and that
the said line was marked by a fence. Defendant answered,
and admitted acquiescence in a boundary line marked by
a fence for a period of more than ten years, but claimed that
the fence so recognized as the boundary line was eighteen
inches north of the new fence erected by plaintiff about three
years ago; plaintiff claimed the new fence was erected on the
line with the old fence. Plaintiff's lot 11 is north of and ad-
joins defendant's lot. Trial was had to the court. After
the evidence had all been introduced and the parties had
rested the court made a finding and order, and a judgment
was entered in accordance therewith. The finding and order
is as follows:

Court: This action was brought to determine the bound-
ary line, and is founded upon the assertion that there was
a partition fence that marked the line that was acquiesced
in for more than ten years. The defendant accepts this
statement as true, and both parties have tried the case upon
that theory. That there was a line is clear, that there was
a fence is clear, and that it was acquiesced in for fifteen years
or more. The controversy centers in the question, Where was

that partition fence? I hold that the old fence line put one-third of the stump on the north side of the line, and two-thirds of the stump on the south side of the line, and ran parallel with the south line of the lot. And it is ordered that G. B. Wicks proceed to the premises in controversy and set an iron stake adjacent to the stump in controversy, leave one-third of the stump on the north side and two-thirds on the south side, and that he run a line east and west from Sixth avenue back to the alley, parallel with the south line of the lot, and set an iron stake at the street and one at the alley.

The surveyor, or commissioner, complied with the order, and made his report, to which plaintiff filed exceptions. Plaintiff also filed a motion for new trial; both motions were overruled, and thereafter a supplemental judgment was entered confirming the report of the commissioner and establishing the line according to the findings of the court and the report of the commissioner. Plaintiff appeals.—*Affirmed.*

*Dale & Harvison* and *Hubert Utterback,* for appellant.

*McLaughlin & Shankland,* for appellee.

PRESTON, J.—I. Appellant contends that the finding of the court is not sustained by the evidence. The case is not triable *de novo* here, and in our opinion the findings have sufficient support; in fact, it appears to us the weight of the evidence is with the defendant. The only controverted fact in the case, and we think the only issue raised by the pleadings which were filed, was as to where the old fence, which both parties had recognized as the line, had been located. The case was tried and the evidence introduced by both parties on that theory. There was a conflict in the evidence, which was for the trial court to determine.

Whether, under the statute, an answer by defendant is a proper plea is not material in this case, for the reason that it was not in any manner attacked by plaintiff.

II. As stated, appellant contends that the judgment is not supported by the evidence; aside from that, his principal contention is, as we understand it from the argument, that the petition was filed under the statute to establish disputed boundaries, and that under the issues tendered by his petition and the plea of defendant, which is called an answer, the court should have appointed commissioners to take the evidence and report, and that this should have been done before the trial. In his petition, the plaintiff alleged that corners and the boundary line between his lot and defendant's are lost, destroyed, or disputed; that at the time he entered into possession of his lot, twenty-five years ago, there was a fence between said lots; that said fence was then recognized and acquiesced in as being on the boundary line between said lots; that three years ago plaintiff rebuilt said fence on the line with the old fence, and that the new fence is now on the line so recognized and acquiesced in; that since 1886 said fence and fence line have been recognized and acquiesced in by both parties as the boundary line, and occupied and claimed to the fence. The prayer asked that the true corners and boundary line be located and established; that surveyors be appointed to locate and mark the boundary line and corners. Defendant, in her answer, admitted that for a great many years there was a fence between said lots, and that said fence marked the boundary; but denied that the new fence is upon the true lot line, or upon the line with the old fence; she asked that the true corners and boundary be located and established, and that a survey and record be made when established. By an amendment to petition plaintiff alleged that different surveys of the line had been made by the parties, which did not agree, but that such surveys had not been acquiesced in by the parties, and prayed as in the original petition, and, further,

1. DISPUTED BOUNDARY: trial of issues.

That in case the line of the old fence, as acquiesced in by the parties hereto, cannot be now determined by the court from the proofs offered and received, then that an

impartial surveyor be appointed, as a commissioner, to resurvey and relocate on the ground the original boundary line as established by the original survey of said addition to the city of Des Moines, with powers, on the part of said commissioner, to take evidence, if required, only upon matters pertaining to the relocation of said boundary line according to the original survey, to make and report his findings of fact and conclusions as to the true relocation of said boundary line, and to state in what manner said boundary line has been remarked by said commissioner as relocated by him and to return with said report all evidence, if any, taken by him, said report and evidence to be filed in this case with the clerk of this court within a time to be fixed by this court, in its said order. Plaintiff prays for such other, further, or different relief, and orders as the court may deem just and proper in the premises.

When the case came on for trial plaintiff put in his evidence to show that the new fence was on the same line as the old, and rested; defendant put in her evidence on the same theory. Neither requested the appointment of a commissioner further than the prayer of the petition and answer. As stated, the only dispute was whether the new fence was in the same place as the old one.

We do not quite understand the position now taken by appellant. If he means that after the evidence had once been taken in open court it should have been taken again by a commissioner, this would have been a useless proceeding. It is clear to us that, from plaintiff's manner of proceeding, and from the prayer of his amended petition, he intended to rely upon his claim that the new fence was on the same line as the old one, which old fence was, by both parties, claimed to be, not only the boundary line, by recognition and acquiescence, but both parties claimed it to be the true line. The only question then was to determine where the old fence had been. Both parties concede that a line may be established by recognition and acquiescence, whether it is the true line or not. Both parties were making such a claim on the trial of this case. Such issue may be tried before the commission

is appointed. Code, section 4230; *Klay v. Kurvink,* 134 (Iowa) N. W. 633.

We are satisfied from the record that, notwithstanding some statements in the pleadings, both parties tried the case in the manner they wanted to try it, and proceeded, without objection, to try it in the manner in which it was tried. After an adverse judgment, neither party ought to be heard to say that the method of the trial should have been different. The court had all the evidence before it, and, this being so, could have made such a finding as it did, even though the commissioner had made a different finding.

2. PRACTICE: method of trial: estoppel.

III. After the trial, and after the commissioner had made his report, plaintiff filed exceptions thereto, to which was attached an affidavit of one Carss in regard to a resurvey of the premises made by him after the trial. The case had been tried on another theory. We do not find any authority for such a proceeding, and appellant has not cited us to any. Section 4235 of the statute provides for filing exceptions to the report, and that the court may hear evidence in addition to that reported by the commissioner, if necessary. But the statute does not say this evidence may be by affidavit, and we apprehend it means witnesses may be called when the parties or counsel are present, and be examined and cross-examined. It was not claimed as newly discovered evidence. We do not know whether the court considered this affidavit or not. The exceptions were overruled, and the court may have considered the affidavit, though irregular, and still found from all the evidence before it that the line recognized by the parties was the one found by the court as indicated in the judgment and report of the commissioner.

3. SAME: action to establish boundary: evidence.

IV. Witness Wicks, a surveyor, testified that he surveyed the premises for defendant at one time in 1911, and noticed the fence and a surveyor's stake near it. He was then asked:

4. SAME.

Q. Do you remember how far north your stake was of the fence? A. Yes, sir. (This evidence was objected to as irrelevant, incompetent, immaterial, because seeking to establish a new surveyor's line.)

Court: No, he is not at all, and I will not let it be considered for that purpose.

A. I located the corner and set my stake 1.5 feet north of the baseboard of the fence and marked that point.

We do not think by this he was attempting to establish a new surveyor's line, and the court did not admit it for that purpose. He was simply showing that he found a stake near the new fence as tending to show where the old fence and line had been. It was proper for that purpose in connection with the other evidence. Other witnesses testified that this line located by Wicks at that time was exactly where the old fence had been; that the stake referred to was where the old one had been, and the line then located is the line reported by the commissioner and confirmed by the court.

One or two other matters are argued, but they are not of sufficient importance to require particular notice.

Appellant's motion to strike appellee's additional abstract is overruled. The judgment is *Affirmed.*

WEAVER, C. J., and LADD and EVANS, JJ., concur.