GEORGE A. SANTEE, Appellee, v. JOHN UHLENHOPP, Sr., et al., Appellants.

**APPEAL AND ERROR:** Proceedings to Ascertain Boundaries. Pro-ceedings to establish lost boundaries will be reviewed on appeal *on errors only*—not *de novo*.

**BOUNDARIES:** Acquiescence. Whether acquiescence may be claimed against one who is *non compos mentis, quaere.*

*Appeal from Butler District Court.*—C. H. KELLEY, Judge.

NOVEMBER 22, 1918.

PROCEEDINGS to establish lost corners. There was a

finding by the court from which the defendants have appealed.—*Affirmed.*

*W. T. Evans* and *D. Voogd,* for appellants.

*J. V. Gregory* and *E. P. Andrews,* for appellee.

EVANS, J.—The lands involved are situated in the northwest quarter of a certain Section 7. The following plat, prepared by the commissioner, will aid in an understanding of the case.

The dotted lines on the plat represent the present location of the fences. The other lines indicate the true government lines. From the plat, it will be seen that the plaintiff owns the northwest quarter of the northwest quarter of said section. It is a fractional quarter, and

the deficiency is gathered into plaintiff's tract. According
to the true government lines, his tract contained 27.27
acres; whereas, according to the fence lines, he had 23.36
acres. Though the defendants first contended that the fence
lines were the true government lines,, the parties in interest
stipulated that the report and plat of the commissioner cor-
rectly set forth the true government lines. The controversy
was thereby narrowed down to the question of whether
there had been such an acquiescence in the alleged fence
lines as to establish the same. The trial court found against
the defendants in that respect, and established the lines in
accordance with the true government lines, as shown by the

1. APPEAL AND     report of the commissioner.
ERROR: pro-
ceedings to as-        We are first confronted with the ques-
certain bound-
aries.            tion of practice as to whether the appeal is
before us for trial *de novo* or as an ordinary proceeding.
It is the contention of the appellants that the case is be-
fore us for trial *de novo,* on the theory that it was tried in
equity below. This is denied by the plaintiff. The record
discloses that the case was begun by the plaintiff under
Chapter 5, Title XXI, being Sections 4228 to 4239, inclu-
sive. Ordinarily, such a proceeding is a special proceeding.
This one is expressly declared to be such, by Section 4230.
Ordinarily, also, such a proceeding is triable as an ordinary
proceeding, though without a jury. By Section 4237, it is
expressly provided that this proceeding is triable in such
manner on appeal. If the case was actually tried below on
the equity side of the court, the record before us does not
so disclose. It must be held, therefore, that the case is not
triable here *de novo.* This holding becomes quite conclusive
of the appeal. The evidence was conflicting. The pre-
ponderance of numbers was with the defendants; but the
evidence of the plaintiff was not without the support of cor-
roborating circumstances. The fence line contended for by
the defendants was not straight, but was irregular. The

fence originally had been built when the land on both sides was held by the same owner. There was evidence for the plaintiff that frequent changes had been made in the location of the fence, such as it was. We are clear, therefore, that it cannot be said that the finding of the court lacked substantial support in the evidence. The result is equitable.

There is another fact that appears incidentally which might have had controlling importance. Mrs. Orvis, the owner of the southwest quarter of the northwest quarter, is *non compos*, and has been such for 25 years. It is at least doubtful whether acquiescence could have been claimed as against her. If it could not operate against her, it ought not to operate against her adjoining neighbor. There could be no acquiescence of the one which negatived the acquiescence of the other.

2. BOUNDARIES: acquiescence.

Finding, as we do, that the judgment of the court below has support in the evidence, we cannot enter upon a consideration of the relative weight of the conflicting testimony. The judgment below is, therefore,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.