EARL E. KRAFT et al., Appellants, v. FRED TENNIGKEIT, Appellee.

**BOUNDARIES:** Commissioner—Disqualification.  An engineer who,
1  without the knowledge of one of the parties to a boundary-line controversy, has already surveyed and located the line for the other party, under private employment, is disqualified to act as a commissioner under an order by the court for the purpose of surveying and locating said line.

**BOUNDARIES:** Evidence—Testimony Without Notice.  A commissioner
2  appointed to survey and locate a disputed boundary line and to report thereon to the court may not legally take the testimony of one of the parties to the controversy without notice to the other party.

Headnote 1: 9 C. J. p. 254.  Headnote 2: 9 C. J. p. 256.

*Appeal from Audubon District Court.*—TOM C. WHITMORE, Judge.

JULY 1, 1927.

The issues in this cause primarily involve the establishment of the true boundary line between lands owned by plaintiffs and defendant, respectively, and arise on the cross-petition of the defendant. The opinion states the salient facts. The trial court, over the objections and exceptions of the plaintiffs, confirmed the report of the commissioner appointed under the provisions of Chapter 521, Code of 1924, and from the decree entered in favor of the defendant the plaintiffs appeal.—*Reversed and remanded.*

*Charles S. White,* for appellants.

*O. W. Emmons*, for appellee.

DE GRAFF, J.—Plaintiffs and defendant are adjoining landowners. The legal quarrel between them has to do with the true boundary line between their respective parcels of land. The immediate provocation was the alleged interference by defendant with the partition fence on the said line.

Plaintiffs commenced this action by filing a petition for a temporary injunction to restrain the defendant from interfering with a fence which plaintiffs claim is on the true line which marks the boundary between the land owned by the respective parties. Defendant answered by general denial, and he also filed a cross-petition, under the provisions of Chapter 521, Code of 1924, governing disputed corners and boundaries, and asked that a commissioner be appointed by the court to fix and establish the true boundary line of the lands in dispute. Plaintiffs, by way of answer to the cross-petition, denied certain allegations therein, and averred that the owners of the respective tracts "have agreed to and acquiesced in the boundary line, as it now exists, for more than ten years prior to the filing of the cross-petition."

1. BOUNDARIES: commissioner: disqualification.

The trial court did enter an order of appointment, as prayed, and it is recited in the record:

"It is agreed that the court shall appoint a practical surveyor to find, determine, and establish the corners and boundaries between the parties in dispute in the manner provided by law."

Subsequently, the court did order and appoint A. J. Van Sise, a civil engineer, to act as commissioner in the premises. The commissioner so appointed did act, and filed his report. The controlling propositions relied upon by plaintiff-appellants relate to the objections and exceptions to said report, which became the basis for the decree entered, and from which this appeal is taken.

One of the exceptions is predicated on the ground that the commissioner appointed was not "a disinterested person," within the purview of the statute, and that neither the court nor the plaintiffs were advised of the fact at the time of the appointment of the commissioner. An additional basis of objection and exception is that the commissioner acted illegally in taking the

testimony of the defendant without notice to the plaintiffs, thereby denying to plaintiffs their right of cross-examination of the adverse party offered as a witness.

Section 12299, Code of 1924, provides that the court in which an action involving disputed corners and boundaries is brought shall appoint a commission of one or more disinterested surveyors, who shall, at a date and place fixed by the court in the order of appointment, proceed to locate the lost, destroyed, or disputed corners and boundaries.

Who is a ''disinterested'' person, in a legal sense? It is a person who has no interest in the matter referred to or in controversy; one who is free from prejudice; impartial or fairminded; without pecuniary interest; not previously interested. 18 Corpus Juris 1140.

The instant record discloses that the commissioner had previously acted, without the knowledge of the plaintiffs, for the defendant in making a survey of the premises in question. The commissioner had acted professionally, at the instance and request of the defendant. His employment at said time was private and personal. It is also shown that the testimony of the defendant was taken by the commissioner without any notice to the plaintiffs or their attorneys. Whether this was done secretly and intentionally, the court can only surmise; but the fact stands that the testimony was taken, and was made a partial basis for the report which he filed, and to which the objections relate. His testimony vitalized the whole proceeding.

The word ''disinterested'' does not simply mean that a person has no pecuniary interest. In *Williams v. Mitchell*, 49 Wis. 284 (5 N. W. 798), it was held that a petitioner who had joined with others for an order for the alteration of a highway was not a ''disinterested person,'' within the meaning of the statute, and was not competent to act as a commissioner. The plaintiffs were entitled to have a commissioner appointed who had not formed or expressed an opinion in relation to the subject-matter.

A commissioner acts in a quasi judicial capacity. The statute provides that the commission or commissioner appointed to locate lost corners and boundaries may, for that purpose, take the testimony of witnesses as to where the true boundaries and corners are located, and, if the issue of acquiescence is presented,

he shall also take testimony in this particular, "and if it finds affirmatively on such issue, shall incorporate the same into the report to the court." Sections 12301, 12302, Code of 1924.

May it be said that a commissioner who, prior to his appointment, acted in the very matter for one of the litigants is absolutely free and mentally untrammeled by his former findings, and would be uninfluenced by his opinion based upon his prior investigations and mathematical calculations? Surveyors of the same parcel of real estate frequently dispute. Mathematics is an exact science, but the factors in the problem attempted to be solved are not always in agreement. A person who, at the request of either the insured or the insurer, has already made computations in the adjustment of a fire loss is not viewed as competent to act as an arbitrator. See Ostrander on Fire Insurance (2d Ed.), Section 260; *Produce Refrigerator Co. v. Norwich Union Fire Ins. Soc.*, 91 Minn. 210 (97 N. W. 875); *Conrad v. Massasoit Ins. Co.*, 4 Allen (Mass.) 20. See, also, *Pool v. Hennessy*, 39 Iowa 192. We are of the opinion that the evidence is sufficient to sustain the exceptions taken by the plaintiffs in this matter.

Furthermore, we cannot approve the action of the commissioner in failing to give notice to the plaintiffs of the time of hearing in the taking of the testimony of the defendant. True, the statute does not provide for notice. Therefore the question is not jurisdictional in character. The statute, however, does contemplate that the commissioner may take evidence, and the evidence should be taken in connection with the survey, and is, in fact, a partial basis for his findings reported to the court. See *Nesselroad v. Parrish*, 52 Iowa 269.

2. BOUNDARIES: evidence: testimony without notice.

A proceeding to fix a true line and determine the rights of the parties not only has reference to the location of the government corners, but also to the lines as they may have been established by adverse possession or by acts of acquiescence of the parties; and in *Neary v. Jones*, 89 Iowa 556, it is held that it becomes important "that all parties in interest should have reasonable opportunity to be heard in person and through their witnesses." It is just as important that plaintiffs, in the instant case, should be entitled to the right and opportunity to cross-examine, which they were denied by the failure of the commissioner

to give notice in the matter in question. Plaintiffs were entitled to cross-examine an adverse and hostile witness in a matter directed to the facts in issue or relevant facts, even though the commissioner was acting quasi judicially. The right of cross-examination is a valuable one, and its denial upon a material matter is reversible error. See *Becker v. Donalson*, 133 Ga. 864 (67 S. E. 92) ; *Carpenter v. Modern Woodmen*, 160 Iowa 602; *Dooling v. City of New York*, 149 App. Div. 953 (133 N. Y. Supp. 1119).

The determination of the propositions herein discussed necessarily determines this appeal.

The appellee contends that, in the event that this cause is reversed, it should be remanded for a new trial. We concur in this viewpoint. The issues were framed on the cross-petition of the defendant and the answer of the plaintiffs thereto. In the last analysis, this is a ''disputed corner and lost boundary'' case. It was upon this theory that trial was had in the lower court.

We recognize that an action originally commenced in equity remains there, unless, on motion, it is transferred to law, for proper reasons shown. It is apparent that there is a fundamental difference between an action for injunctive order and an action to establish disputed corners and boundaries. The real merits of the controversy, however, in the trial court and on appeal to this court, involve the latter proposition. See *Santee v. Uhlenhopp*, 184 Iowa 1131. It was the intention of the parties, as shown by the stipulation of record, that the cause should be tried as a disputed-boundary case, and it proceeded in the manner in which it was intended by the parties to be tried. It is too late now to say that the method of trial should be different. *Schoen v. Harris*, 162 Iowa 321.

Under the circumstances, the cause is reversed and remanded, with direction to the trial court to appoint another commission or commissioner, as provided by Section 12299, Code of 1924.—*Reversed and remanded.*

All the justices concur.